IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR284 |
| | ) | |
| v. | ) | |
| | ) | |
| TILOE C. WILLIAMS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objection, Filing No. 28, to the report and recommendation of the magistrate, Filing No. 26. The government indicted the defendant charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Filing No. 1. Thereafter, defendant filed a motion to suppress and an application for a *Franks* hearing, Filing No. 13.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). Failure to engage in the required de novo review is reversible error because the exercise of ultimate judicial authority by other than Article III officers affects both individual and structural constitutional protections. *Id.* at 599-600. The court has conducted a careful de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) of the record; the transcript of the proceeding, Filing No. 27; defendant's brief in support of the motion, Filing No. 29; the magistrate's report and recommendation, Filing No. 26; and defendant's objection thereto, Filing No. 28. The court concludes that the objections should be overruled and the magistrate's report and recommendation adopted.

## FACTS

The Omaha Police Department received a citizen's complaint that the sale of crack cocaine was occurring at 2409 S. 27th Avenue, Omaha, Nebraska. Officers Paul Milone and John Wells of the Omaha Police Department conducted the drug investigation. Officers Milone and Wells met with a confidential informant (CI) on April 11, 2005, and they asked the CI to purchase crack cocaine at that residence. Shortly thereafter, the CI fled the residence, and he immediately reported to the officers that the defendant in this case had pointed a rifle at him. The CI did not make the drug purchase. The CI then identified the defendant by name from a picture shown to him by Officers Milone and Wells. The officers then applied for and received a search warrant for the defendant and for his residence.

## DISCUSSION

The search warrant affidavit is the center of the dispute in this case. Defendant contends that the officers intentionally or recklessly omitted crucial facts from the affidavit. In particular, defendant alleges the officers failed to include the facts that the CI had been previously convicted of several felonies, had been convicted of making a false statement, and had received payment for his work as a CI.

The magistrate granted defendant's motion for *Franks* hearing, *Franks v. Delaware*, 438 U.S. 154 (1978), to adduce evidence that related (1) to the CI"s 2003 misdemeanor conviction for lying to an Omaha police officer, and (2) to his financial relationship with the Omaha Police Department. Defendant argues that the magistrate should have also considered the CI's other felony conviction and the misdemeanor convictions that involved crimes of dishonesty, and a recent arrest for theft. See Exs. 3-10. In particular, defense

2

counsel wanted to question Officer Wells about whether felony and misdemeanor convictions for forgery would cause him to mistrust a person's information. *See* Exs. 6 and 9. The magistrate did not permit this questioning. Defense counsel made an offer of proof at the suppression hearing.

For purposes of this motion, the court is going to consider the felony convictions and the recent arrest in determining whether the search warrant should have issued. *See United States v. Buchanan*, 167 F.3d 1207, 1210-11 (8th Cir. 1999). Officer Wells testified at the *Franks* hearing that he knew about these convictions and the additional criminal history of the CI. The magistrate found, and this court agrees, that the omissions in the affidavit are material. The CI is a paid informant. He is a convicted felon, who if convicted of a third felony could receive a habitual criminal enhancement and a sentence of ten to sixty years. *See* Neb. Rev. Stat. § 29-2221. The CI has been previously convicted, one conviction which involved lying to an officer, and it appears he has had a felony charge dismissed as a result of his work as a CI. Also, the police arrested the CI on February 12, 2005, for theft by receiving stolen property, which is a felony, and Officers Milone and Wells had such information at the time they submitted the affidavit. Tr. at 85:13-21. The theft case has now apparently been dismissed. The court finds that the omissions are relevant and material.

However, the court must also determine if a reviewing judge, knowing this information, would still have found sufficient probable cause to issue a search warrant. *Buchanan*, 167 F.3d at 1210-11. The affidavit states that the CI has provided information in the past and assisted with numerous controlled purchases of narcotics which have resulted in arrests. The information, according to the officers, has proved to be both

3

reliable and accurate. The officers had dealt with this particular informant for one to two years and found him to be reliable.

For these reasons, the court finds that even if the additional information had been included in the affidavit, probable cause would still have existed to issue the warrant. *See United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002) (informant with felony convictions had previously supplied reliable information, personally observed stolen firearms, and personally supplied information determined to be sufficient for issuance of search warrant); *United States v. Sherrell*, 979 F.2d 1315, 1318 (8th Cir. 1992) (omission would vitiate affidavit if supplemented material did not establish probable cause). Further, this case is a step removed from many of the cases where often the confidential informant is the source of all the evidence. In this case, a citizen informed police about the possibility of drug sales at this location. The police requested that the CI go to the residence in question and attempt to purchase drugs. Almost immediately after the CI exited the residence, he called the officers and reported that a gun had been pointed at him by the defendant. The CI identified a picture of the defendant after the gun incident. The CI had given reliable information to these officers in the past. The court concludes that there existed sufficient evidence of probable cause to issue a warrant even if the issuing judge had known of the omitted facts.[1]

THEREFORE, IT IS ORDERED:

1. Defendant's objections to the magistrate's report and recommendation, Filing No. 28, are overruled.

---

[1] However, with that said, the court notes that intentional or reckless omissions from affidavits for search warrants will not be tolerated and such omissions could affect future cases.

2. Defendant's motion to suppress, Filing No. 13, is denied.

3. The report and recommendation of the magistrate, Filing No. 26, is adopted.

DATED this 21st day of December, 2005.

                    BY THE COURT:

                    s/ Joseph F. Bataillon
                    JOSEPH F. BATAILLON
                    United States District Judge