IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR284 |
| | ) | |
| v. | ) | |
| | ) | |
| TILOE C. WILLIAMS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Tiloe C. Williams's Motion to Appoint Counsel (Filing No. 89).

In his motion for appointment of counsel, defendant asks this court to appoint counsel to assist him in filing his § 2255 motion. At this stage in the proceedings the court is not inclined to appoint counsel. However, the motion is subject to reassertion after defendant files his § 2255 motion.

A review of the record indicates that defendant has not filed a § 2255 motion and is therefore not barred from filing a § 2255 motion due to the prohibition against filing successive petitions. However, it is of note that, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a §2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Therefore, if defendant does not file his § 2255 motion within the one-year statute of limitations, his motion will be time barred.

IT IS ORDERED:

1. That the Motion to Appoint Counsel (Filing No. 89) is denied;

2. The Clerk of Court is directed to send a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 25th day of June, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge