IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 8:05CR284 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| TILOE C. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing No. 91.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion.  Rule 4(b) provides:

> Initial Consideration by the Judge.  The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that a jury returned a verdict of guilty against the defendant on Count I of an Indictment charging the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *See* Filing No. 51, Verdict.  The court sentenced the defendant to the custody of the Bureau of Prisons for 106 months followed by 3 years supervised release. *See* Filing No. 62, Judgment in Criminal Case.  The Court of Appeals affirmed the defendant's conviction and sentence in *United States v. Williams*, 477 F.3d 554 (8th Cir. 2007).

In his § 2255 motion, the defendant alleges that he received ineffective assistance of counsel in that his attorney did not fully explain to him the nature and impact of the stipulations he agreed to at trial and that his attorney did not object to, nor informed the defendant that he could object to, the presentencing report. The defendant also alleges that the act under which he was convicted was repealed at the time of his arrest and that the government informant committed perjury.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is not entitled to relief. Therefore, I will order the United States to respond by answer to the defendant's claims. In addition to any other matters discussed in the answer, the United States shall address whether any of the defendant's § 2255 claims are barred, for example by waiver and/or untimeliness.

THEREFORE, IT IS ORDERED:

1. That upon initial review, the court finds that summary dismissal of the defendant's § 2255 motion is not required;

2. That by October 22, 2007, the United States shall file an answer to the defendant's § 2255 motion, supported by a brief; and

3. That by November 26, 2007, the defendant may file a reply brief.

DATED this 14th day of September, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge