## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | **8:05CR284** |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **MEMORANDUM AND ORDER** |
| **TILOE C. WILLIAMS,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

This matter is before the court on the defendant, Tiloe C. Williams's (Williams), Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 91). The government filed an Answer (Filing No. 98) in response to Williams's § 2255 motion. The government also filed a brief (Filing No. 99) and an index including an affidavit of Michael J. Hansen (Hansen), Assistant Public Defender, in support of its Answer (Filing No. 100). Williams filed a Reply (Filing No. 101) and reply brief opposing the government's Answer (Filing No. 102).

### PROCEDURAL AND FACTUAL BACKGROUND

On July 20, 2005, a federal grand jury indicted Williams for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). *See* Filing No. 1. On August 4, 2005, Williams appeared before Magistrate Judge F.A. Gossett, III, and entered a plea of not guilty (Minute Entry at 7). On September 29, 2005, Williams filed a Motion to Suppress, Application for *Franks*[1] Hearing, and Request for Evidentiary Hearing and Oral Argument (Filing No. 13). Williams argued the search warrant used in his arrest was invalid because the affidavit included material omissions regarding the government informant, Randy Conway's (Conway) "prior felony and misdemeanor convictions for crimes of dishonesty" and receipt of money for services. *See* Filing No. 13. Judge Gossett granted the *Franks* hearing on November 16, 2007, but limited the scope of the inquiry to "evidence regarding the confidential informant's financial relationship with the Omaha Police Department and the confidential informant's misdemeanor conviction in 2003 for

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

providing false information to an Omaha Police officer." (Filing No. 20). Magistrate Gossett found that the intentional omissions made in the affidavit did not negate the probable cause for the warrant and recommended a denial of Williams's suppression motion. *See* Filing No. 26. On December 21, 2005, this court adopted Magistrate Gossett's Report and Recommendation (Filing No. 30).

On February 8, 2006, a jury returned a verdict finding Williams guilty of being a felon in possession of a firearm (Filing No. 51). On February 15, 2006, this court denied Williams's Motion for Judgment of Acquittal or for New Trial (Filing No. 55). A presentence investigation report (PSI) was prepared and Williams's criminal history resulted in 24 criminal history points. (PSI ¶ 66 and Filing No. 99). Two additional points were added based on United States Sentencing Guideline (U.S.S.G.) section 4A1.1(e)[2] (PSI ¶ 67 and Filing No. 99). Williams's 26 criminal history points equated to a Criminal History Category VI (PSI ¶ 68 and Filing No. 99). A Total Offense Level of 26 and a Criminal History Category VI resulted in a guideline imprisonment range from 100 to 125 months for Williams (PSI ¶ 97 and Filing No. 99). The government objected to the PSI and requested a two-level increase pursuant to the sentencing guidelines and based on evidence that Williams was in possession of a third gun. *See* Filing No. 99. A revised PSI was prepared addressing the government's objection. *See id.* Williams requested this court to grant a downward deviation from the advisory sentencing guideline range, stating that the "[g]uidelines do not adequately take into account the mitigating circumstances of the jury's decision" in terms of why Williams possessed the guns in question (Filing Nos. 57, 58). On May 12, 2006, this court denied the government's request for an upward deviation in terms of sentencing and Williams's request for a downward deviation (Minute Entry at 59). Accordingly, Williams was sentenced to the custody of the Bureau of Prisons for 106 months to be followed by a three-year term of supervised release. *See* Filing No. 62, Judgment in a Criminal Case. Williams was also ordered to pay a $100 special

---

[2]"Add two points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence." U.S.S.G. § 4A1.1(e).

assessment. *See id.* Williams filed a direct appeal. On appeal, Williams argued the district court erred by: 1) not remanding the case to Magistrate Judge Gossett for further inquiry into Conway's criminal history "in light of the limitations that Judge Gossett imposed on the scope of the hearing" and (2) by finding "that probable cause would still have existed even with the inclusion of the omitted information." *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). On February 13, 2007, the Eighth Circuit affirmed the judgment of the district court. *Id.* On August 6, 2007, Williams timely filed his § 2255 motion (Filing No. 91).

## DISCUSSION

The standard under 28 U.S.C. § 2255 allows a prisoner in custody under the sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Furthermore, "habeas application[s] must rest on a foundation of factual allegations presented under oath," *United States v. Labonte*, 70 F. 3d 1396, 1413 (1st Cir. 1995), *rev'd on other grounds*, 520 U.S. 751 (1997), *quoted in Schultz v. United States*, 205 F. 3d 1347 (8th Cir. 1999) (unpublished).

In Williams's § 2255 motion, he claims: 1) his counsel was ineffective by having Williams agree to stipulations in which the purpose and extent of the stipulations were not explained to him by counsel; 2) that counsel was ineffective for not objecting to his indictment under Title 18, United States Code § 922(g)(1) because the law expired seven months prior to the indictment; 3) his counsel failed to object to the PSI, resulting in a

3

"double count" of his criminal history points; and 4) the government's informant, Conway, committed "perjury" as a witness during trial.  *See* Filing No. 91.  The court notes that Williams's 2255 motion is deficient on its face due to the lack of Williams's signature affirming under oath that the information in his 2255 motion is true and correct.  However, assuming *arguendo*, that Williams did affirm under oath the information in his 2255 motion is true and correct, the court would still deny his motion pursuant to the below analysis.

### A.  Ineffective Assistance Claims

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984).  The defendant has the burden of proving: 1) deficient performance on behalf of counsel, by demonstrating that his attorney's performance was "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently."  *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003). "[T]he proper standard for attorney performance is that of reasonably effective assistance."  *See Strickland*, 466 U.S. at 688. So, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688-89.  The defendant bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S. Ct. at 2066; *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir.1984); *Bell v. Lockhart*, 741 F.2d 1105, 1106 (8th Cir. 1984). Additionally,

> There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of *reasonable professional assistance.'" Id. (quoting Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.").  If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

4

*U.S. v. Kriens*, 2006 WL 2089947, at *7 (N.D. Iowa, July 25, 2006).

      1.    *Assistance of Counsel in Making Stipulations*

      Williams claims his counsel was ineffective for having him agree to stipulations in which the nature and extent of the stipulations were not explained.  *See* Filing No. 91. Williams states that his attorney did not explain to him "what rights he would be giving up in four (4) stipulations."  *See* Filing No. 91.  Additionally, Williams states that had his "educational background been of higher grade" or had his attorney "taken the time to explain what was going to happen," Williams would have never agreed to be charged with crimes not mentioned in the affidavit or complaint.  *See id.*

      The court notes that Williams entered into two stipulations at trial (TR. 119, 120, Exhs. 23 and 24).  In Exhibit 23, the parties stipulated and Williams admitted that:

> prior to the date the defendant allegedly committed the crime specified in the indictment herein, he had been previously convicted in the District Court of Douglas County, Nebraska, of committing a crime punishable by imprisonment for a term exceeding one year.

*See* Filing No. 77,TR. 119-120.  Additionally, the parties stipulated and agreed that:

> the defendant hereby admits, that the Mossberg .12 gauge shotgun, serial number L735850, and the Remington .12 gauge shotgun, serial number W15409SM, which have been received as evidence in this case, are firearms as defined by federal law, and that both firearms had previously been shipped and transported in interstate or foreign commerce as defined by federal law.

*See* Filing No. 77, TR. 120.  In Exhibit 24, the parties stipulated and agreed to the following:

> [O]ne, that the defendant was first charged by complaint in state court for the same offense, felon in possession of a firearm, for which he is now on trial in federal court here.
>
> Two, that he was arrested on said state charge pursuant to an arrest warrant on Sunday, June 19, 2005, and that he was first in court on Tuesday, June 21, 2005.
>
> Three, that neither the state complaint, nor the state warrant, specified whether he had been charged with possessing one firearm, or more than one firearm.

5

Four, that neither the state complaint, nor the state warrant, set forth any detail whatsoever with respect to what kind of firearm he was being charged with.

Five, that neither fingerprints, nor DNA, were located on either Exhibit 5 or Exhibit 6, which are the two firearms that are before you in evidence already.

*See id.*

Hansen stated in his sworn affidavit that he:

did advise and explain to him on several occasions that it would be in his best interest to stipulate to certain matters that were not in contention at the trial and that the only matter of contention at trial was whether or not he possessed the guns that were set forth in the Indictment. In fact, during the trial, my paralegal was present when I explained these matters once again to Mr. Williams who told me he understood the stipulations and agreed to sign them and did sign them in open court.

*See* Filing No. 100-2.

The government additionally stated that had the stipulations had not been reached, the government would have produced "certified copies of Williams's prior convictions and proved beyond a reasonable doubt that he had been previously convicted of a felony." *See* Filing No. 99.

The court finds that Williams's attorney used the stipulations as a matter of trial strategy and such use does not support a claim of ineffective assistance. *See Laws v. Armontrout*, 863 F. 2d 1377 (8th Cir. 1988). Thus, Williams fails to show how his counsel's actions fell below the range of "reasonable professional assistance." Furthermore, Williams is unable to show how he was prejudiced by entering into the stipulations. Accordingly, Williams's claim is denied.

2.     *Assistance of Counsel in Objecting to the PSI*

Williams argues his counsel was ineffective for failing to object or informing Williams he could object to any issues presented in the PSI. *See* Filing No. 91. Williams claims that he would have objected to his criminal history points being "double counted." In Hansen's affidavit he responded to Williams's allegation by stating that:

6

> [i]n reviewing his Revised Presentence Investigation Report, Mr. Williams must be alleging that he should have received 2 rather than 12 criminal history points for the sentence he received on August 19, 2004.  As I explained to him on numerous occasions, since these matters involved intervening arrests, even with the proposed changes to § 4A1.2, these matters were counted, and will still be counted, separately even though he was sentenced to concurrent time on the same date.  Therefore, no objection was made to those criminal history points because it would have been an improper objection.  I will not make objections based on the law as Mr. Williams wished the law to be.

*See* Filing No. 100-2.   The government contends that even if Hansen objected to Williams's criminal history and been successful, "[s]ubtracting 10 criminal history points would have still placed him in a Criminal History Category VI."  *See* Filing No. 99.

The court finds that Williams fails again to prove how Hansen's actions fell below the range of "reasonable professional assistance" and caused prejudice to Williams. Therefore, Williams's claim is denied.

> 3.   *Failure of Counsel to Object to Indictment under Title 18, U.S.C. § 922(g)(1)*

Williams argues he was "charged with [being] a felon in possession of a firearm seven (7) months after the expiration" of this law.  *See* Filing No. 91.  The court finds this claim is inherently without merit.  Furthermore, Hansen was not ineffective for failing to make a nonmeritorious objection.  *See Clark v. Goose*, 16 F.3d 960, 963 (8th Cir. 1994). Therefore, Williams's claim is denied.

## B.   "Perjury" Committed by a Paid Government Informant

Williams argues the "government and the Omaha Police elicited the aid of a gang member and informant by the name of 'Randy Conway' to testify to seeing a firearm" that Williams had not "ever seen nor ever pointed at him [Conway] or any one, else."  *See* Filing No. 91.  However, the Eighth Circuit validated Conway's status "as a sufficiently reliable informant to justify a finding of probable cause based upon the information he provided." *See United States v. Williams*, 477 F. 3d 554, 560 (8th Cir. 2007).   Moreover, claims that were raised and decided on direct appeal cannot be relitigated on a motion to vacate. *Bear Stops v. United States*, 339 F. 3d. 777, 780 (8th Cir. 2003); *United States v. Wiley*, 245 F. 3d 750, 752 (8th Cir. 2001).  Therefore, Williams's claim is denied.

7

**IT IS ORDERED:**

1.      Williams's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 91) is denied.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

3.      The Clerk of Court is directed to mail a copy of this Memorandum and Order to Williams at his last known address.

DATED this 4th day of January, 2008.

BY THE COURT:


s/ Joseph F. Bataillon                                        
Chief District Judge